UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

THE H.L.O.T. FAMILY LIMITED
PARTNERSHIP, a Florida limited
Partnership,

    Plaintiff,

vs.

PROPERTY OWNERS
ASSOCIATION OF SPANISH
COVE, INC., An Alabama
non-profit corporation,

    Defendant.

Case No. _____

# COMPLAINT

Plaintiff, The H.L.O.T. Family Limited Partnership ("Plaintiff") hereby brings its Complaint for declaratory judgment and damages against Defendant, Property Owners Association of Spanish Cove, Inc. ("Defendant") and alleges as follows:

## I. INTRODUCTION

1. This is a declaratory judgment action seeking a declaration that certain fees promulgated by Defendant are impermissible under controlling documents and unlawful under Alabama state law. Plaintiff also seeks damages it has incurred due

to Defendants actions in promulgating and levying said impermissible and unlawful fees.

## II. THE PARTIES

2. Plaintiff is a Florida limited partnership with its principal place of business in Pace, Florida 32571. Plaintiff's general partner, Henry Business Group, Inc., is a Florida corporation with its principal place of business in Pace, Florida. Plaintiff's limited partners, Edwin Henry, Susan Henry, Lauren A. Henry, and Stephen E. Henry, are each individual citizens of Florida.

3. Defendant is a non-profit corporation formed in Alabama with its principal place of business in Lillian, Alabama.

## III. JURISDICTION AND VENUE

4. As set forth in additional detail below, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

6. This Court has general personal jurisdiction over Defendant as Defendant has its principal place of business in Baldwin County, Alabama; and specific personal jurisdiction over Defendant as the real property made the basis of this dispute is located in Baldwin County, Alabama.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) as Defendant resides in Baldwin County, Alabama, which is part of this judicial district, and because the events, omissions, and real property that are the subject of this action are located and situated in Baldwin County, Alabama.

## IV.  FACTS

8. On April 30, 2004, Plaintiff purchased 189 platted lots in the Spanish Cove subdivision, numbered 3051-3094, 3098-3153, 3159-3184, 3189-3223, 3230-3239, and 3245-3262 (hereinafter "Plaintiff's Spanish Cove Lots").

9. Plaintiff's Spanish Cove Lots are subject to certain recorded Covenants, Conditions and Restrictions as set forth in Deed(s) recorded in Book 24, Page 753, Book 24, Page 757, Book 61, Page 1288, Book 71, Page 663, Book 71, Page 669, Book 72, Page 802, Book 99, Page 976, Instrument 645946, and Instrument 813114 in the Office of the Probate Judge of Baldwin County, Alabama.

10. The most recent Declaration of Covenants, Conditions, and Restrictions binding Plaintiff's Spanish Cove Lots was recorded on March 1, 2002 as Instrument 645946, and amended on June 1, 2004 by Instrument 813114 (hereinafter the "Spanish Cove Declaration."). The Spanish Cove Declaration is attached hereto as **Exhibit A**.

11. The Spanish Cove Declaration establishes Defendant as the entity that is responsible for establishing and collecting certain fees, charges, and assessments as specifically authorized by the Spanish Cove Declaration.

12. Defendant is restricted in the manner by which it establishes and collects fees by the Alabama Nonprofit Corporation Act, Defendant's Articles of Organization, the Spanish Cove Declaration, and Defendant's Bylaws. The Bylaws are attached hereto as **Exhibit B**.

### A. Charges Authorized by The Spanish Cove Declaration

13. The Spanish Cove Declaration does not permit Defendant to impose fees upon lot owners without specific authorization. Rather, certain provisions of the Spanish Cove Declaration authorize certain fees, charges, and assessments.

14. Section 10.01 of the Spanish Cove Declaration sets forth the powers of Defendant, including the power to "[f]ix, levy, collect, and enforce payment by any lawful means, all charges or Assessments **pursuant to the terms of this Declaration**" (emphasis added). This clause means that only those types of charges and Assessments specifically authorized by the terms of the Spanish Cove Declaration may be fixed, levied, collected, or enforced by Defendant.

15. The primary method of funding the operations of Defendant under the Spanish Cove Declaration is accomplished by "Assessments," which are defined under Section 1.03 of the Spanish Cove Declaration as: "[a]ssessments shall mean

and refer to the procedure under which Lot Owners are called on for financial contributions to POASC as required by this Declaration and are the Assessments referred to in this Declaration."

16. Although "Assessments" are defined as a procedure, the defined term is used throughout the Spanish Cove Declaration to describe a sum of money collected on an annual basis from a lot owner to fund the maintenance obligations of Defendant. This is equivalent to commonly used terms "regular assessments" or "annual assessments."

17. Section 11.2 of the Spanish Cove Declaration clarifies the purpose of annual Assessments:

> **Section 11.2 Purpose of Annual Assessments.** The annual assessments levied by the Association shall be used exclusively for the purpose of promoting the recreation, health, safety and welfare of the Owners and residents in the Subdivision and, in particular, for the acquisition, improvement, repair, replacement, maintenance, use and operation of the Common Properties and to pay for the services that the Association is authorized to provide, including, but not limited to, payment of taxes and insurance; repairs, replacement, and additions to the Common Properties; and payment of the cost of labor, employees, agents, accountants, attorneys, equipment, material, management and supervision, necessary to carry out its authorized purposes.

18. Section 10.12 of the Spanish Cove Declaration, entitled "Reserve Fund," further states that "POASC shall establish and maintain an **adequate reserve fund** for the periodic maintenance, repair and replacement of

Improvements to the Common Property. The fund shall be maintained out of regular Assessments for Common Expenses." (emphasis added).

19. When Section 10.12 and Section 11.2 of the Spanish Cove Declaration are read together, they clarify that Defendant is to collect regular, annual Assessments to fund all maintenance, repair, and replacement obligations for the Spanish Cove subdivision.

20. Other portions of the Spanish Cove Declaration clarify that fees and charges can be charged by Defendant for specific administrative tasks and late charges, but no portion of the Declaration allows for Defendant to impose additional fees to fund maintenance, repair, and replacement obligations except for regular, annual Assessments.

21. For instance, Section 4.05 of the Spanish Cove Declaration authorizes Defendant to charge "reasonable fees for the application and submittal of the plans as provided in this Article IV and for the issuing of a Permit." Defendant imposes a $200.00 fee for building permits in connection with this provision.

### B. The Impact Fee Dispute

22. Defendant has promulgated certain "Operating Procedures," including Operating Procedure 3.4, which purports to assess a "New Development Impact Fee" as follows:

> Effective October 3, 2006, the POASC Board of Directors approved implementation of an Impact Fee of $2,000 for each new dwelling constructed on developments located within Spanish Cove boundaries.
>
> This Impact Fee is necessary to help offset increased expenditures due to increased usage of Spanish Cove streets, clubhouses, swimming pool, tennis and badminton courts and other facilities.
>
> This Impact Fee will not apply to individual lots currently existing in other sections of Spanish Cove.

Operating Procedure 3.4 is attached hereto as **Exhibit C**.

23.  Defendant has continually monitored Plaintiff's activities relative to Plaintiff's Spanish Cove Lots. On several occasions over the past several years, Defendant has sent Plaintiff correspondence demanding that Plaintiff pay a $2,000.00 per lot "impact fee" pursuant to Operating Procedure 3.4. In order to develop 189 lots, Defendant has demanded that Plaintiff pay a total of $378,000.

24.  Defendant has also sent demands for Plaintiff to pay regular annual assessments, but has retracted those demands.

### C.  Defendant's Conduct Towards Plaintiff

25.  Defendant has taken varying, inconsistent, arbitrary, and capricious positions towards Plaintiff relative to both assessments and impact fees. Simply put, Defendant has unilaterally appropriated authority beyond that granted by the Spanish Cove Declaration or any other lawful source.

26. Most recently, Defendant has taken the position that its Board of Directors was authorized to levy Impact Fees under Section 3.4 of the Operating Procedures by the following portion of Section 11.01 of the Spanish Cove Declaration: "Except as provided in this Declaration, each Owner of any Lot by acceptance of a Deed for said Lot, whether or not it shall be so expressed in such Deed, is deemed to covenant and agree to pay POASC annual and special Assessments, charges, fees and monetary fines as may be established from time to time by the Board of Directors."

27. Other than notices stating that Plaintiff is obligated to pay impact fees, Defendant has not sent Plaintiff notices required under Defendant's Bylaws.

28. As a result of Defendant's position, Plaintiff has incurred substantial damages.

29. Defendant has never been allowed or had the opportunity to vote on any matter pertaining to Defendant's management.  It has never been allowed or had the opportunity to vote on a seat of Defendant's Board of Directors.

30. Plaintiff is the party responsible for building the roads and infrastructure for its lots.

31. Defendant has also refused and continues to refuse to produce any documentation regarding its Operating Procedures generally, Operating Procedure

3.4 specifically, or notices sent to association members including Plaintiff, despite its obligation to do so under Section 10.11 of the Spanish Cove Declaration.

## V.  COUNT I – DECLARATORY JUDGMENT

32. Plaintiff hereby realleges and incorporates Paragraphs 1-31 as if fully set forth herein.

33. Operating Procedure 3.4 states that the "Impact Fee will not apply to individual lots currently existing in other sections of Spanish Cove." Plaintiff's Spanish Cove Lots are among the "individual lots currently existing in other sections of Spanish Cove" at the time the Operating Procedures were promulgated, therefore they are exempt from Operating Procedure 3.4.

34. Section 3.02 of Defendant's Bylaws, which sets forth the exhaustive list of Defendant's powers, does not authorize it to impose the Impact Fee in Operating Procedure 3.4. Accordingly, Operating Procedure 3.4 is improper and unenforceable.

35. The Spanish Cove Declaration does not authorize Defendant to fix, levy, or assess any fee or charge not specifically set forth in the Spanish Cove Declaration.

36. Even if the Spanish Cove Declaration impliedly authorized additional fees necessary to maintain Defendant's operations, the Spanish Cove Declaration clarifies that maintenance obligations are to be funded solely by regular annual

assessments, making the Operating Procedure 3.4, which is expressly for the same purpose as regular Assessments, improper and unenforceable.

37. As set forth in Section 11.01 of the Spanish Cove Declaration, and as admitted by Defendant, Plaintiff's Spanish Cove Lots are exempt from all Assessments until such time that they become Developed Lots. This exemption extends to all fees, including Operating Procedure 3.4. Defendant has sought to impose the Impact Fee on Plaintiff's Spanish Cove Lots as soon as a building permit is sought, which is well before the lots could become "Developed Lots" as defined in the Spanish Cove Declaration.

38. Plaintiff has never been provided notice of any of Defendant's meetings, including those of its Board of Directors. Plaintiff has never been permitted to vote on any of Defendant's actions, including its promulgation of Operating Procedure 3.4. Plaintiff has never been permitted to review the documents of Defendant, as required by Spanish Cove Declaration Section 10.11. Therefore, any action by Defendant relative to Plaintiff's Spanish Cove Lots is unlawful and unenforceable. In the alternative, Defendant's actions must be undertaken reasonably and with due care to Plaintiff's property rights. Defendant has not acted reasonably or with due care.

39. Upon information and belief, Defendant has not consistently collected impact fees from other owners within the association. Accordingly, its attempt to

impose impact fees upon Plaintiff's Spanish Cove Lots is arbitrary, capricious, and unenforceable as a matter of law.

40. The Spanish Cove Declaration states that "Any party to a proceeding who succeeds in enforcing this Declaration or enjoining the violation of this Declaration against an Owner or any other party may be entitled to recover costs and be awarded a reasonable attorney's fee against such Owner or other party." Plaintiff is enforcing the terms of the Declaration and shall be entitled to the recover of a reasonable attorney's fee upon successful resolution of this action.

41. Defendant has demanded that Plaintiff pay impact fees in order to develop any of Plaintiff's Spanish Cove Lots. Plaintiff maintains that for the reasons set forth above, it is not obligated to pay such impact fees. Consequently, a bona fide controversy exists between Plaintiff and Defendant regarding Plaintiff's obligation to pay impact fees.

42. There is an actual, present, and practical need for this Court to declare the nature and extend of Plaintiff's rights, including its obligation to pay impact fees, its right to receive documents and records from Defendant, and its right to recover attorneys' fees in bringing this action.

43. The nature and extent of the Plaintiff's rights are dependent upon the facts alleged herein and the law applicable to these facts.

WHEREFORE, Plaintiff prays that this Honorable Court enter a declaratory judgment that (1) Plaintiff is not obligated to pay impact fees in connection with its development of Plaintiff's Spanish Cove Lots, (2) Defendant must provide Plaintiff with all records pertaining to Plaintiff's Spanish Cove lots within Defendant's custody or control, and (3) Plaintiff is entitled to recovery of its' attorneys' fees in connection with its enforcement of the Spanish Cove Declaration.

## COUNT II – BREACH OF CONTRACT

44.   Plaintiff hereby realleges and incorporates Paragraphs 1-43 as if fully set forth herein.

45.   The Spanish Cove Declaration is a valid contract between Plaintiff and Defendant.

46.   Plaintiff has performed under the contract by complying with the terms of the Spanish Cove Declaration.

47.   Defendant has breached the contract by, *inter alia*, (a) imposing unlawful impact fees on the prospective contracts of Plaintiff, (b) refusing to provide documents as required under the Spanish Cove Declaration, and (c) failing to provide notice to Plaintiff as and when required by the Spanish Cove Declaration.

48.   All conditions precedent to the filing of this action have been satisfied or waived by Defendant.

WHEREFORE, Plaintiffs pray that this Honorable Court enter a judgment against Defendant for actual damages, consequential damages, attorneys' fees and costs, and all other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Kristopher O. Anderson*
**KRISTOPHER O. ANDERSON**
AL Bar No.: AND112
JUDSON C. BRANDT
Alabama Bar No. BRA151
Clark Partington
4725 Main Street, Suite F-222
Orange Beach, Alabama 36561
(251) 245-8595
(251) 271-0445 facsimile
Primary: kanderson@clarkpartington.com
Secondary: jbrandt@clarkpartington.com
*Attorney for Plaintiffs*